[No. 7,557.—In Bank.]

## HOWARD H. SHINN v. JOHN MACPHERSON ET Ux.

HOMESTEAD—FRAUD AS TO CREDITORS—CONSTRUCTIVE TRUST—SUBROGA-
TION—MORTGAGE—PARTNERSHIP.—M. & S. were partners until Septem-
ber 24th, 1880, when the firm was dissolved by mutual consent. M.,
being the owner of a house and lot upon which there was a mortgage,
his wife, on September 16th, 1880, filed a declaration of homestead
thereon; and on the next day M. secretly and surreptitiously drew from
the assets of the firm a sum of money (there being at the time nothing
due from the firm or from S.), out of which he, on September 27th, paid
off and discharged the mortgage lien. In an action by S. against M. and
wife, to obtain a decree adjudging a lien upon the land paramount to the
homestead right for the amount paid in discharging the mortgage: Held,·
that the plaintiff was entitled to the relief demanded.

APPEAL from a judgment for the plaintiff in the Superior Court of the City and County of San Francisco. CARY, J.

*Sawyer & Ball,* for Appellants.

The homestead can only be conveyed, abandoned, sold, or

incumbered in the manner prescribed by law. Sections 1242, 1243, and 1245 of the Civil Code prescribe the only manner. These exclude all other methods of sale, or alienation, or incumbrance, or abandonment. The expression of one method is the exclusion of all others. (*Poole* v. *Gerrard*, 6 Cal. 71; *Dunn* v. *Tozer*, 10 id. 167; *Lies* v. *De Diablar*, 12 id. 327; *Ackley* v. *Chamberlain*, 16 id. 181; *Estate of Orr*, 29 id. 101; *Barber* v. *Babel*, 36 id. 18; *Flege* v. *Garvey*, 47 id. 371–376; *Houghton* v. *Lee*, 50 id. 101; *Hershey* v. *Dennis*, 53 id. 77; *Gagliardo* v. *Dumont*, 54 id. 496.) No action of the husband, fraudulent or otherwise, can affect the homestead. The rights of the wife can not be prejudiced by any fraudulent act of the husband in which she did not participate. (*Barber et Ux.* v. *Babel et Ux.*, 36 Cal. 11; *Hawthorne* v. *Smith*, 3 Nev. 188; *Gaylord* v. *Loughridge*, 50 Tex. 573; *Lear* v. *Heffner*, 28 La. An. 829.) The exemption of the homestead from forced sale remains, notwithstanding an insolvent has devoted money which equitably belongs to his creditors to the payment of a debt which was a lien on the homestead. (*In re Henkel*, 2 Saw. 305; *Randall* v. *Buffington*, 10 Cal. 493; *Campbell* v. *McManus*, 32 Tex. 442.)

*G. W. Gordon*, for Respondent.

The homestead law can not be diverted from its beneficent purposes to perpetuate and cloak a fraud like the one here disclosed. It is immaterial whether, in this case, the wife was an active contributor to the fraud of her husband, or was but a consenting participant in its fruits. At best, she was but a mere volunteer, giving no value for the release of a lien on their joint premises. Her husband, as to the partnership funds, was a trustee. (Civ. Code, § 2410; *Sadler's Appeal*, 87 Pa. St. 158; *Burnett* v. *F. N. Bank*, 38 Mich. 635; *Nat. Bank* v. *Barry*, 125 Mass. 24.) She, too, becomes constructively a trustee, by virtue of her part ownership of the land; not by reason, so much, of any guilty act of hers, but as the legal result of the fact that trust moneys have been misapplied by the trustee of the fund, to relieve of a burden lands held by her and her husband for homestead purposes. (2 Story's Eq. Jur., §§ 513, 1258.)

Ross, J.:

The plaintiff and the defendant, John Macpherson, formed a copartnership June 2d, 1879, which continued to September 24th, 1880, when it was dissolved by mutual consent. During this time John Macpherson was the owner of a certain house and lot, where he resided with his wife, the defendant Esther Sutherland Macpherson, and on which he had previously, to wit, May 19th, 1877, executed to one Borel a mortgage to secure the payment to him of the sum of one thousand seven hundred dollars in gold coin. A few days previous to the dissolution of the partnership between Shinn and Macpherson, that is to say, on the 16th of September, 1880, Mrs. Macpherson filed a declaration of her intention to claim the house and lot as a homestead, and the next day—September 17th—John Macpherson secretly and surreptitiously drew from the assets of the firm of Macpherson & Shinn the sum of two thousand four hundred dollars (there being nothing at the time due him from the firm or from Shinn), out of which he, on the 27th day of September following, paid off and discharged the mortgage lien held by Borel on the premises. The money so drawn and disposed of by Macpherson was, at the time it was drawn and disposed of, and still is, due to creditors of Macpherson & Shinn. Macpherson having refused to restore or in any way to account for the said sum or any part of it, this action was brought by Shinn for an account, etc., and to obtain a decree adjudging a lien upon the house and lot, paramount to the homestead right, for the amount paid by Macpherson in discharge of the mortgage lien; and also adjudging that the premises be sold to satisfy such preferred lien, and that the proceeds of such sale be applied to the satisfaction of the debts due the creditors of the firm of Macpherson & Shinn.

There can be no doubt that equity and good conscience is on the side of the plaintiff. Here was a married man, dwelling with his wife upon premises on which there was an existing mortgage. The mortgage existing, the wife filed a declaration of homestead on the premises. In this condition of affairs the husband fraudulently abstracted funds from the assets of the firm of which he was a member, and which was indebted to third parties, and with those funds paid and dis-

charged the mortgage lien, thus leaving the homestead clear, and the firm creditors as well as his partner defrauded. In our opinion there is no provision of the homestead law that affords a cloak for such a transaction. That law was enacted for beneficent purposes, designed to secure a home for the family, but, as said by counsel for respondent, was never intended "to be a secure and impregnable asylum in which to deposit peculations from others." It is true that the statute provides that the homestead can only be conveyed or incumbered by an instrument executed and acknowledged by both husband and wife; and also, that it is by the statute exempted from execution or forced sale except in certain enumerated cases. But these provisions of the statute have no application to the case before us. The one regulates the mode of transfer or incumbrance of the homestead between the spouses and third persons, when the same is to be effected by conventional arrangement—not by act and operation of law; the other was designed to protect it from forced sale for ordinary indebtedness, etc.—not as an immunity from torts and their legal consequences. (*Shoemake* v. *Chalfant,* 47 Cal. 435; *Riddell* v. *Shirley,* 5 id. 488; *Bishop* v. *Hubbard,* 23 id. 514.)

It is not important that it does not appear that Mrs. Macpherson participated in the wrongful acts of her husband. If the transaction is permitted to stand, she, as well as he, will reap the fruit of the fraud, whereas the interposition of equity does but restore a lien on the premises for the amount paid by the husband, in the manner already stated, in satisfaction of the mortgage lien. In this way justice is meted out to all parties without injury to any. Both husband and wife continue to hold their homestead right, subject, however, now, as before, to a lien for the payment of the amount with which the mortgage was discharged. Neither ever had, or ever could have, any *right* founded on the fraudulent appropriation of funds of other parties. The case of *Barber* v. *Babel,* 36 Cal. 11, relied on by appellant, is altogether unlike this.

Judgment affirmed.

McKINSTRY, J., THORNTON, J., MYRICK, J., and MORRISON, C. J., concurred.