### SMITH et ux. v. GREEN. (No. 1991.)*

(Court of Civil Appeals of Texas. Amarillo. June 14, 1922. Rehearing Denied Oct. 4, 1922.)

**1. Partnership ⬤154—Wrongful use of funds for partner's own purposes fraudulent in law.**

The wrongful use of partnership funds by partner to improve his individual property was fraudulent in law, if not in fact.

**2. Trusts ⬤349—Partner may follow partnership funds into property in which placed by copartner.**

A partner occupies such fiduciary relation to partnership funds that under the doctrine of constructive trusts his partner may follow them into any property into which they may be traced, and impress a trust thereon.

**3. Trusts ⬤102(1)—Constructive and not resulting trust created by misappropriation of the partnership funds, and need not be created at time of acquisition of title.**

A partner's wrongful use of partnership funds in improving his own property creates a constructive rather than a resulting trust, and such a trust need not be created at the time of the acquisition of title.

**4. Trusts ⬤354 — Equity will follow trust property into changed form, and declare new property the trust property.**

Under the doctrine of constructive trusts, equity follows trust property through its muta-

tions into its changed form, and declares the new form of property to be the trust property in whole or in part, and restores it to its rightful owner.

**5. Homestead ⬤90 — Constructive trust may be created by wrongful use of trust funds in improvement.**

Const. art. 16, § 50, and statutory provisions thereunder protecting homesteads against forced sale, do not prohibit the establishment of a trust in a homestead improved by the husband with trust funds.

**6. Trusts ⬤354, 357(1) — Right to follow funds ends when they pass to innocent purchaser, but proceeds in hands of trustee may be followed.**

The right to follow trust funds ends when they pass into the hands of an innocent purchaser, but even then they may be followed into the proceeds of the sale received by the trustee.

**7. Trusts ⬤357(2)—Wife not innocent purchaser when trust funds used by husband in improving homestead.**

Where a husband used trust funds in improving the homestead, the wife who profited by the use thereof without paying any consideration for the benefit was not entitled to the protection of an innocent purchaser, though she had no knowledge of the misapplication of the funds.

**8. Estoppel ⬤110—Claim that partner charging copartner with funds withdrawn could not follow them as trust funds must be pleaded.**

The defense that a partner, having charged his copartner on the partnership books with partnership funds wrongfully withdrawn and used in the improvement of property, could not assert a trust in such property, whether treated as a defense of estoppel, election, or waiver, must be pleaded.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by Clois L. Green against W. L. Smith and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

Carrigan, Montgomery, Britain & Morgan, of Wichita Falls, for appellants.

Weeks, Morrow & Francis, of Wichita Falls, for appellee.

BOYCE, J. Clois L. Green brought this suit against W. L. Smith and wife for an accounting and settlement of a partnership business between plaintiff and W. L. Smith, and to fasten a trust on certain funds in the possession of the Wichita State Bank & Trust Company, to the credit of Smith and wife. The theory on which the trust was claimed was that Smith had wrongfully used partnership funds in the sum of $2,400, in the erection of improvements on a lot owned by him, and that the money in the bank was the proceeds of the sale of such property. The defendants admitted that plaintiff was entitled to judgment against W. L. Smith

for $7,900, on settlement of the partnership business, and did not deny that partnership funds were used in improving the lot referred to, but claimed that such property was at the time the improvements were placed thereon their homestead, and that it and the proceeds of its sale were exempt from plaintiff's claim. Judgment was rendered for plaintiff against W. L. Smith for $7,900, and that plaintiff was entitled to $2,400 out of the moneys in the bank, to be applied as a credit on the judgment for $7,900. Appellant's appeal is based on assignment of error as to the latter phase of the judgment.

The appeal is on an agreed statement, the substance of which in addition to that already made is: That about June 1, 1919, Clois L. Green and W. L. Smith formed a partnership for the purpose of engaging in the business of drilling contractors; that Smith at this time owned a lot in Wichita Falls, Tex., and was living in the garage and servants' house thereon, while building a residence on the same lot for permanent use of his family. That thereafter, while such partnership was in existence, Smith withdrew partnership funds aggregating $2,400, and used them in completing such residence. The funds were not paid to discharge any lien against the property, but to pay bills for labor and material incurred in the erection of the residence. The residence cost about $15,000 altogether. The partnership did not owe Smith anything at the time of this withdrawal of funds, but did owe the plaintiff Green $7,000 at such time. The withdrawal of these funds was without the knowledge or consent of Clois L. Green, though Smith charged himself on the books of the partnership with the amounts withdrawn. Clois L. Green, when he discovered the fact of such withdrawal, "charged the defendant W. L. Smith with said $2,400, and carried the same on the books of the copartnership as an open account against the defendant W. L. Smith, believing at that time that the said Smith's portion of the earnings of the copartnership would ultimately liquidate this indebtedness. The copartnership failed, and the enterprise was later abandoned." Plaintiff paid the debts of the partnership, and on final settlement and accounting the defendant owed plaintiff the sum of $7,900. The defendants occupied the property mentioned as their homestead until about May 1, 1921, when they sold it, receiving in exchange another house and lot, which they proceeded to occupy as a residence, and $11,500 in cash, which was deposited in the Wichita State Bank & Trust Company. Whereupon plaintiff immediately caused a writ of garnishment to be served on the bank in this suit. The dates of the various transactions mentioned do not appear in the record more definitely than we have stated them.

The propositions urged on this appeal are:

(1) That no trust attached to the homestead, title to which was already in Smith, because of the use of the partnership funds; (2) that since no trust was applicable to the homestead before its sale none could be declared against the proceeds in the hands of the bank and "intercepted by garnishment within six months after the sale"; (3) that the act of plaintiff in charging the $2,400 to Smith on the books of the partnership was an election to treat the transaction as a loan and a waiver of any right to follow the funds.

[1-3] The facts show that defendant Smith was acting wrongfully in the use of the partnership funds for his own purposes. He was acting fraudulently in law, if not in fact, toward his partner. He occupied such fiduciary relation to such funds that under the doctrine of constructive trusts his partner might follow them into any property into which they might be traced, and impress a trust thereon. Shinn v. Macpherson, 58 Cal. 596; Bates on Partnership, par. 545; Pomeroy's Equity Jurisprudence (4th Ed.) par. 1049, vol. 3, p. 2391, and section 1051. The proposition that the trust must be created, if at all, at the time of the acquisition of the title to the property against which it is asserted, would be well taken if this were a resulting trust. Pomeroy's Equity Jurisprudence, par. 1031. But the trust, if there is any, is constructive. Pomeroy (4th Ed.) par. 1044; note 1, p. 2391; Miller v. Himebaugh (Tex. Civ. App.) 153 S. W. 343. It is not necessarily true that a constructive trust must be created at the time of the acquisition of title, but it may be in some cases applied to property already acquired by the person held to be the trustee. Miller v. Himebaugh (Tex. Civ. App.) 153 S. W. 343; Gordon v. English, 3 Lea (Tenn.) 634; Atkinson v. Ward, 47 Ark. 533, 2 S. W. 77; Shinn v. Macpherson, 58 Cal. 596; Preston v. McMillan, 58 Ala. 84. The cases cited are directly in point on the proposition under discussion, and are well sustained by reason and authority. In two of the cases, Miller v. Himebaugh and Atkinson v. Ward, the trust funds went into improvements on real estate owned by the trustee. The first case cited was decided by this court, and writ of error denied, so we may pass without further discussion to the consideration of the other phase of the question presented by the facts of this case; that is, whether the homestead character of the property would prevent a court of equity from declaring a trust thereon.

The Constitution (article 16, § 50) protects the homestead against forced sale for the payment of all debts except for purchase money, taxes, and improvements, and provides that no lien on the homestead shall be valid except it be created for such character of debt, and provides that the lien to secure a debt for improvements must be created in a particular manner; otherwise it cannot exist. In the case of Shepherd v. White, 11

Tex. 346, it was held that the homestead exemption would not prevail over a resulting trust which attached at the time of the acquisition of the property. This was, of course, because there was in equity no real ownership of the property by the homestead claimants. In the case of Chase v. Swayne, 88 Tex. 218, 30 S. W. 1050, 53 Am. St. Rep. 742, a debtor, in contemplation of insolvency, invested large sums of money in the erection of a home. This was destroyed by fire, and the creditors attempted to garnish the money due as insurance. The Supreme Court held that the fact that the debtor was actuated by fraudulent motives in making the investment in the homestead did not destroy the exemption. The debtors there had no specific title or right to the fund which went into the homestead improvement, but this significant language is found in the opinion:

"There might be a state of facts under which such investment would not be protected, as in the case of Shepherd v. White, 11 Tex. 346, where the property purchased as a homestead was paid for by another, so that a resulting trust existed, or if the property invested had been acquired by fraud, so that the title thereto did not pass by the sale."

Two of the cases cited, Shinn v. Macpherson, 58 Cal. 596, and Gordon v. English, 3 Lea (Tenn.) 634, involved the question of the priority of the trust to the homestead claim. In the latter case the trust funds were applied to the payment of a part of the unpaid purchase money due on the homestead, and in the first to the payment of a valid mortgage thereon. The decisions were not, however, rested on any theory of subrogation. In the California Case reference was made to the laws of that state similar in some respects to our own, providing limitations as to the creation of liens against the homestead, and the court said:

"That law was enacted for beneficent purposes, designed to secure a home for the family, but * * * was never intended 'to be a secure and impregnable asylum in which to deposit peculations from others.' It is true that the statute provides that the homestead, can only be conveyed or incumbered by an instrument executed and acknowledged by both husband and wife; and also, that it is by the statute exempted from execution or forced sale except in certain enumerated cases. But these provisions of the statute have no application to the case before us."

[4] Under the doctrine of constructive trusts a court of equity follows the trust property through its mutations into its changed form, declares that this new form of property is the trust property, in whole or in part as the circumstances may be, and restores it to its rightful owner. "Equity will mould the relief to meet the situation," and sometimes gets the trust property out of the comingled fund by holding the whole fund into which it has been traced charged with its restoration.

[5-7] Under the application of these principles there was in the improvements on this homestead $2,400 of partnership funds, title to which had never passed from the partnership. It is like the case stated by the Supreme Court in Swayne v. Chase, supra. We do not think the constitutional and statutory provisions prohibit the establishment of a trust against the homestead under these facts. The right to follow the trust funds ends when they pass into the hands of an innocent purchaser, but even then they may be followed into the proceeds of the sale received by the trustee. We do not think the wife under the facts of this case would be in any better position than the husband, even though she had no knowledge of the misapplication of the funds. She, as well as he, profited by the investment of the trust funds to the benefit of their homestead without paying any consideration for such benefit. So it does not appear to us that she would be afforded the protection of an innocent purchaser. Shinn v. Macpherson, 58 Cal. 599. Appellee argues very plausibly that, even if it should be held that the homestead should be protected from forced sale on account of the position of the wife, yet since there has been a voluntary sale of the homestead and the funds reappear in the hands of the husband, the fact that they have passed through the homestead should not now protect them. However that may be, such fact makes it unnecessary for us to determine just how a court of equity should proceed to take the funds out of the homestead property at a time when it was still occupied by the family.

[8] The third proposition raises a question of estoppel arising from acts indicating a position taken by appellee inconsistent with the trust claim asserted in this suit. Whether such a defense is one of estoppel, election, or waiver, pleading was necessary to have raised it. There was no such pleading, and from the agreed statement it seems that the issue was not made before the lower court. We are inclined to think that the facts, even if there were pleading to present the defense, do not establish it. The right of the cestui que trust, whose funds are traced into property under circumstances sufficient to warrant the fastening of a trust thereon, is not, it seems, confined to either a claim of pro rata interest in the property, or a personal claim of debt against the trustee, "but the beneficiary may, as a general rule, elect to take the land or the money, and use his hold on the land as a means of getting his money." Gordon v. English, 3 Lea (Tenn.) 639.

We think the judgment of the trial court should be affirmed.