## CAMPBELL v. PUNDT.
### No. 2026.

Court of Civil Appeals of Texas. Waco.
Oct. 27, 1938.

Chas. F. Guenther, Jr., and R. G. Harris, both of San Antonio, for plaintiff in error.

Harry B. Barnhart, of Dallas, for defendant in error.

GEORGE, Justice.

This is a suit for accounting and settlement of net profits received in joint adventure and establishment and foreclosure of lien on certain real property by A. W. Campbell, plaintiff in error, against J. G. Pundt, defendant in error. There was a trial to the court without a jury and judgment was rendered in favor of plaintiff in error for the sum of $2,614.56.

Plaintiff in error contends that the trial court erred in sustaining defendant in error's special exception to paragraph 8 of his petition, alleging in substance that joint adventure funds were used by defendant in error in the purchase of certain real property in Dallas and that plaintiff in error thereby acquired an equitable lien on said property to the extent of his share of the funds used in the purchase of the property. The court's findings of fact and undisputed and uncontroverted evidence taken together show that defendant in error, in the early part of January, 1933, entered into an agreement with T. L. Wynne and others to drill and complete two wells for the aggregate sum of $40,000, payable out of one-half of seven-eighths of the first oil produced, saved and marketed therefrom, and that thereafter in January, 1933, plaintiff in error and defendant in error entered into a verbal agreement whereby plaintiff in error was to furnish his rig and a driller and supervise the drilling of the two above mentioned wells, and defendant in error was to receive all sums of money and out of the first monies received reimburse himself for all sums actually expended in the drilling and completion of the wells and the balance received was to belong to plaintiff in error and defendant in error in equal portions; that thereafter defendant in error and R. E. Thompson, receiver in cause No. 90225 in the 101st District Court, Dallas county, Texas, styled Mrs. Jennie Gardner et al. vs. Gardner Park Amusement Company et al., entered into a written agreement wherein and whereby such receiver agreed to sell certain property belonging to Gardner Park Amusement Company for the sum of $14,-000 in cash, subject to the confirmation of the court, and defendant in error agreed to purchase said property for said sum; that defendant in error executed and delivered to R. E. Thompson, receiver, assignments covering one-half of seven-eighths of all of the oil and/or gas produced, saved and marketed from said two wells, beginning December 1, 1933, to the amount of $25,000 to secure the payment of said $14,000; that report of said sale was made and filed and notice thereof in due form, manner and time given, and order of the court, after hearing, entered on December 21, 1934 ratifying and confirming the contract and ordering the receiver to forthwith make, execute and deliver his proper receiver's deed conveying said property to defendant in error on the payment of $14,000 cash; that $13,518.03 had been paid out of oil runs under said assignments on the purchase price of such real property at the time of the trial of this cause; that the joint adventure was never at any time indebted to defendant in error in the full

sum of $13,518.03, and that money belonging to both plaintiff in error and defendant in error was used in making payments on the purchase price of said property; that deed to the property was not to be delivered until the full sum of $14,000 had been paid.

The plaintiff in error was entitled under the facts in this record to have the trial court establish a constructive trust on defendant in error's interest in said real property and the contract therefor to the extent of plaintiff in error's interest in the aggregate sum invested in such property and have impressed thereon a charge or equitable lien which would attach to the real property if, as and when the purchase price was paid in full or the conveyance thereof in any wise consummated. Bush v. Gaffney, Tex.Civ.App., 84 S.W.2d 759; Smith v. Green, Tex.Civ.App., 243 S.W. 1006; Spencer v. Pettit, Tex.Civ.App., 17 S.W.2d 1102; Id., Tex.Com.App., 34 S.W. 2d 798.

The judgment of the trial court is reversed and the cause remanded for a new trial.