**Roy GRAY et al., Appellants,**

**v.**

**A. E. GRAY et al., Appellees.**

**No. 16885.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 19, 1968.

Rehearing Denied Feb. 16, 1968.

G. B. M. Gray and Nannie Gray, parents of the parties to this appeal, owned 26.3 acres of land in Denton County as community property.

G. B. M. Gray died intestate in 1926. Nannie Gray qualified as community administratrix in 1928.

On August 4, 1960, Nannie Gray, "individually and as community administratrix," conveyed the whole tract to A. E. Gray and Beatrice Wadkins. The sum of $10.00 was the recited consideration.

Nannie Gray died August 4, 1964.

In a non-jury trial judgment was entered for the defendants.

Appellants' sole point of error rests upon the proposition that the 1960 deed to appellees was void.

At the time of the 1960 deed there were no community debts or obligations unpaid.

As we construe the record, the evidence is undisputed that the only consideration paid by appellees was for Nannie Gray's individual benefit.

Article 167, V.A.T.S., Probate Code, provides: "When the order mentioned in the preceding Section has been entered, the survivor, without any further action in the court, shall have the right to control, manage, and dispose of the community property, as provided in this Code, in the same manner that the husband controls, manages, and disposes of community property during the lifetime of the wife, and to sue and be sued with regard to the same; and a certified copy of the order of the court shall be evidence of the qualification and right of such survivor. After paying community debts outstanding at the death of the deceased spouse, the qualified community administrator may carry on as statutory trustee for the owners of the community estate, investing and reinvesting the funds of the estate and continuing the operation of community enterprises until the termination of the trust as provided in this Code. The qualified community administrator is not entitled to mortgage community property to

Ernest May, Fort Worth, for appellants.

Gerald E. Stockard, Denton, for appellees.

## OPINION

RENFRO, Justice.

This suit was brought by Roy Gray and Mabel Briggs, brother and sister, and others who claim through a deceased sister, against A. E. Gray and Beatrice Wadkins, brother and sister of Roy Gray and Mabel Briggs, to cancel a deed, determine the interest of each party in the land and to order a partition of the property.

Other defendants, children of a deceased sister of the above named parties, were made parties to the suit. They defaulted and are not parties to this appeal.

secure debts incurred for his individual benefit, or otherwise to appropriate the community estate to his individual benefit; but he may transfer or encumber his individual interest in the community estate."

The concluding sentence of Article 167, "The qualified community administrator is not entitled to mortgage community property to secure debts incurred for his individual benefit, or *otherwise to appropriate the community estate to his individual benefit*; (emphasis added) but he may transfer or encumber his individual interest in the community estate," was added by the Legislature, Acts 1955, 54th Legislature.

 Under the statute, Nannie Gray had a right to convey her individual interest in the community estate to appellees.

The only question before us is whether she had a right to convey her deceased husband's half of the community for her individual benefit.

Succinctly, does the quoted provision of Article 167 barring an administrator from appropriating the community estate to his individual benefit mean what it says?

We think the language is plain and unambiguous and that under said provision Nannie Gray had no authority to convey, other than her own interest, the community property to appellees, and we so hold.

Appellees' counterpoints that a dismissal, prior to reinstatement, and trial of the case, was final, and that appellants had judicially admitted full ownership of the property to be in appellees were waived by appellees in oral argument.

 Appellees' last counterpoint claims appellants' claim was barred by the four year statute of limitation. The deed was filed for record August 5, 1960. The suit was filed September 14, 1964, or forty-one days after the death of Nannie Gray. If the four year limitation statute is applicable to an action of this nature, her death, she being a necessary party, tolled the running of limitation. 10 Tex.Jur.2d 417; Article 5538, Vernon's Ann.T.S.

 Moreover, Nannie Gray's deed to appellees, in the face of the statute forbidding such sale, was void. Appellees were not innocent purchasers. Nannie Gray held the property as statutory trustee for her children. Appellants are entitled to recover the trust property and the four year limitation statute does not apply. See Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671 (1942); Smith v. Green, 243 S.W. 1006 (Tex.Civ.App., 1922, ref.); and Christopher v. Davis, 284 S.W. 253 (Tex.Civ. App., 1926, ref.).

The point of error is overruled.

Judgment is here rendered declaring the 1960 deed as to the community interest of G. B. M. Gray to be invalid and of no effect, and the case is remanded to the trial court for the purpose of making proper partition of the property and awarding to appellants their interest in the community estate of their deceased father.

Reversed and rendered in part; reversed and remanded in part.