## FIRST STATE BANK OF ELLINGER v. ZELESKY et al.   (No. 8469.)

(Court of Civil Appeals of Texas. Galveston. May 1, 1924.)

1. **Trusts �köm102(1)—Cashier purchasing property with embezzled funds held to hold same in trust for bank.**

Purchaser of property with funds embezzled from bank *held* to hold same in trust for bank.

2. **Homestead �köm88—Wife acquires no homestead rights in property purchased by husband with embezzled funds.**

Wife of one purchasing property with embezzled funds can acquire no homestead rights therein superior to rights of owner of funds under trust which arises.

3. **Homestead �köm88 — Wife can acquire no homestead right in property of husband, equitable title to which is in another.**

A wife can acquire no homestead interest in property held by her husband, equitable title to which is in another.

4. **Improvements �köm1—Wife has no lien for individual funds expended on property purchased by husband with embezzled funds superior to owner of such funds.**

Wife by expenditure of individual funds on property purchased by husband with embezzled funds, though possibly entitled to second lien on same, does not acquire any title or homestead interest superior to that of owner of funds.

5. **Improvements �köm1 — Interest in property acquired with embezzled funds arising from expenditure of individual funds held conveyed to owner of funds.**

Purchaser of property with embezzled funds, if deemed to have acquired rights there-

---

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in by expenditure of individual assets by deed to owner of the embezzled funds, *held* to have effectively alienated such rights.

Appeal from District Court, Fayette County; M. C. Jeffrey, Judge.

Action by Jennie Zelesky and husband against the First State Bank of Ellinger, Tex. Decree for plaintiffs, and defendant appeals. Reversed and rendered.

C. D. Krause, of La Grange, for appellant.
Boyles, Brown & Scott, of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by Jennie Zelesky, and her husband, Joe Zelesky, against appellant to cancel a deed executed by appellees, conveying to appellant property described in the petition as lots 3, 14, and 15, in block 16, in the town of Ellinger, and to recover title and possession of the property.

The petition alleges in substance that at the time of the execution of the deed the property was the homestead of plaintiffs, and that the deed was invalid, because the instrument was not explained to plaintiff Jennie Zelesky and her acknowledgment thereto was not taken privily and apart from her husband, as required by the statute, and because the notary who took the acknowledgment was a stockholder and director in appellant bank, and therefore disqualified to take and certify an acknowledgment of a deed conveying property to the bank. The petition further alleges that the execution of the deed was without any valid consideration.

After a general demurrer and general denial, defendant's answer contains the following special plea:

"For further answer herein, if need be, this defendant says that in truth and fact, the property mentioned and described in plaintiff's original petition and in the copy of the deed attached as 'Exhibit A' to said petition, never at any time was the property of plaintiffs or either of them, but that same at all times while in plaintiffs' possession and now is absolutely and wholly the property of this defendant, and that any apparent title thereto in plaintiffs was held by them in trust for this defendant because the plaintiff Jos. Zelesky was the cashier of and in the sole, complete and absolute control and charge of this defendant's bank and its business and funds, and while employed by this defendant and acting in such fiduciary capacity he embezzled, appropriated and diverted to his own use about $15,000 of the funds of this defendant, and with so much thereof as was necessary he acquired, purchased and improved the property mentioned and described in plaintiffs' original petition and in the copy of the deed attached as 'Exhibit A' to said petition. Wherefore this defendant says that said property having been acquired, purchased and improved by plaintiffs wholly and solely with the funds of this defendant embezzled from it by plaintiff Jos. Zelesky while in charge of its bank and funds in such fiduciary capacity, that this defendant wholly paid for said property and the improvements thereon, and is the sole owner thereof, and any title to said property appearing in plaintiffs was held by them in trust for this defendant, and this defendant had a right to have the same transferred and conveyed to it. And defendant says that plaintiffs admitted and acknowledged the facts herein set out and defendant's ownership of said property, and in recognition of their obligation to discharge said trust and place in defendant the legal title to said property, executed and delivered to this defendant the deed now sought to be canceled and annulled."

By supplemental petition plaintiffs denied the averments of defendant's answer, and alleged that the deed was only intended to operate as a mortgage to secure defendant in the repayment of money claimed by it to have been wrongfully appropriated by Joe Zelesky, and that the property had never been abandoned by plaintiffs as their homestead.

The trial in the court below without a jury resulted in a judgment canceling the deed and adjudging the title to the property in plaintiffs and defendant jointly, and fixing the interest owned by plaintiffs "in proportion that $555.40 bears to $1,500," and the interest owned by defendant "in the proportion that $944.60 bears to $1,500."

This judgment is based upon the following findings of fact and conclusions of law, which are set out in the judgment:

"The court doth find that the deed described in plaintiffs' petition is a deed of conveyance to the homestead of Joseph J. Zelesky and Jennie Zelesky, and that the same was signed and acknowledged before C. W. Ehlinger, a notary public, and that the said C. W. Ehlinger was an officer, director and stockholder in the First State Bank of Ellinger, Tex., the grantee in the deed, and that he was interested in the transaction and property being conveyed and was disqualified in law to take the acknowledgment, and that the deed is therefore void and should be canceled. And that plaintiffs have never abandoned their homestead or acquired any other one.

"The court doth further find that the place described in plaintiffs' petition and in the deed in controversy was purchased and acquired by plaintiffs with money belonging to the defendant bank, and that the whole purchase price and consideration of $550 paid for said place and property was money belonging to defendant bank wrongfully and unlawfully used by plaintiffs for and in said purchase and acquisition of said property, and that thereafter the plaintiffs wrongfully and unlawfully used $394.50 of money belonging to defendant bank in improving said property and the houses thereon, together with other means of their own and their own labor and gifts of labor by their parents; and that the property was community property of plaintiffs, and that Jennie Zelesky was wholly without knowledge or fault with reference to any wrongdoing; that, as between the parties hereto, they have by the deed in controversy agreed upon $1,500 as the fair

and reasonable value of said property and the improvements thereon, which value the court has adopted; and that, by reason of these facts, the title to the property and the improvements thereon, though standing in the name of plaintiffs, is held by them in trust for the defendant bank in the proportion that $944.60 bears to $1,500, that is, that the defendant bank owns $944.60 interest therein, and that the plaintiffs own $555.40 therein; and that the plaintiffs are entitled to recover all costs herein incurred."

We agree with appellant that the facts found by the trial court do not support the judgment rendered thereon, but, on the contrary, require a judgment vesting title to all of the property in appellant.

[1] Under the equitable doctrine of constructive trust, these facts show that Joe Zelesky was never the owner of the property. Having purchased the property with funds embezzled by him from appellant, he took and held the legal title, which passed to him by the deed of his vendor, in trust for appellant, in which the superior equitable title vested.

The fundamental principle of trusts is the division of an estate or title by which the legal title is placed in one and the equitable title in another, and courts of equity have uniformly extended this principle to all cases of fraud and breach of good faith by which the legal title to property is acquired by one with funds belonging to another. Whenever trust funds are used by a trustee to purchase property for himself, his legal title to the property is always subordinate to the equitable title of the owner of the funds with which it was purchased. By the application of the salutary and efficient principle of equity, the remedy afforded the owner of specific property, or of funds intrusted to another, who has suffered by the fraud or bad faith of his trustee, is more just and complete than that afforded by a suit at law for compensatory damages. Pomeroy's Equity Jurisprudence, p. 1144 et seq.

We think the facts of this case call for the application of this doctrine to its fullest extent.

[2] The judgment of the trial court recognizes the principle, but only gives it partial application, because, in the opinion of the trial judge, appellee Jennie Zelesky had a homestead interest in the property and also an equitable claim for improvements which a court of equity should protect.

We cannot agree with the trial court in either of these conclusions. A wife can never acquire homestead rights in property held in trust by her husband which defeat or impair the rights of the beneficiary of the trust. Shepherd v. White, 11 Tex. 346; Smith v. Green (Tex. Civ. App.) 243 S. W. 1006.

[3] Nor can a homestead interest ever be acquired in property the title to which remains in another; that is, as against the owner of the property.

[4] If Mrs. Zelesky, without any knowledge of the fraud of her husband, had expended money belonging to her separate estate in improving the property, it may be that equity would protect her to the extent of giving her a second lien on the property for the money so expended; but under no principle of law or equity could she have thereby acquired any title to the property, or any homestead interest therein as against appellant. The trial court finds, however, that the money spent by plaintiffs in improvements made on the property, in addition to the money belonging to appellant, "was means of their own and their own labor and gifts of labor of their parents; and that the property was community property of plaintiffs." This finding, which is not complained of by either party, not only fails to show that any separate funds of Mrs. Zelesky was spent in the improvements of the property, but negatives any such idea.

[5] It cannot be contended that Joe Zelesky could have acquired any rights of compensation for improvements placed on the property with his separate or community funds; but, if he could have had any such right, his deed to appellant conveys all of his interest in the property. The property not being a homestead, the fact that the deed was void as to Mrs. Zelesky does not make it ineffective as a conveyance by Joe Zelesky of any interest he might have had in the property.

We are of opinion that the judgment should be reversed, and judgment here rendered for appellant, and it has been so ordered.

Reversed and rendered.