**MARYLAND CASUALTY COMPANY,**
Appellant,

v.

**Edwin H. SCHROEDER and Barbara L. Schroeder, Appellees.**

No. 6019.

Court of Civil Appeals of Texas.

El Paso.

Sept. 17, 1969.

Rehearing Denied Oct. 22, 1969.

Owen, Brewster & Steinberger, Jack L. Brewster, El Paso, for appellant.

Peticolas, Luscombe & Stephens, John B. Luscombe, Jr., Wayne Windle, El Paso, for appellees.

OPINION

PRESLAR, Justice.

Maryland Casualty Company, as plaintiff, brought this suit against Edwin Schroeder and Barbara Schroeder seeking to recover the sum of $13,161.65 plus exemplary damages against both defendants, jointly and severally, and seeking to impress an equitable lien upon certain property of the defendants. Appellant's cause of action was based on the fact of its having issued a blanket bond to El Paso Federal Savings & Loan Association insuring such Association against embezzlement, and that Edwin Schroeder, as an employee of such Association, had embezzled some $17,912, the amount sought to be recovered, taking into account restitution of a certain amount, but also including costs and expense of an audit. Following trial by jury, the court disregarded certain findings of the jury and entered judgment against Edwin Schroeder for $11,011.79, and entered a take-nothing judgment as to the defendant, Barbara Schroeder; and it is from such judgment, and the overruling of motion for new trial, that Maryland Casualty Company appeals. We are of the opinion that the case must be remanded for another trial because of the error of the court in the submission of the damage issue, and for the further reason that the court should not have disregarded certain answers of the jury.

Over a period of some 21 months and while an employee of El Paso Federal Savings & Loan Association, Edwin Schroeder stole or embezzled some $17,000, the exact amount being in dispute. It is undisputed that $7,901.50 was paid by defendants as restitution on the amount taken. At the time of the acts of embezzlement, the defendants were husband and wife, but following such acts and prior to the trial of this case, they were divorced. Speaking of the parties as they appeared at the trial level, the plaintiff, Maryland Casualty Company, sought recovery of the amounts of money stolen as reduced by the restitution, plus its expenses of an accounting and auditing which, under its bond, was required. Maryland Casualty paid to El Paso Federal Savings & Loan Association, upon proper proof of loss, the sum of $13,161.65. This included some $3,150, which was the cost of the audit.

In submitting what we would call the damage issue, the same being Issue No. 1, the court inquired: "From a preponderance of the evidence, what amount of money do you find Edwin Schroeder stole from El Paso Federal Savings & Loan Association? Answer in dollars and cents." The issue was necessary because there were discrepancies in the evidence as to the amount of money taken by Edwin Schroeder. But the issue standing alone does not present the full measure of damages sought to be recovered by the plaintiff, in that it left out the expense of auditing, as noted, and therein lies the error of the court. Plaintiff objected to the submission of the issue on the ground that it did not give it the full relief sought, in that it left out these other elements of damages. Plaintff submitted, and the court refused, a requested special issue as follows: "What sum of money, if any, if paid in cash, do you find from a preponderance of the evidence will fairly and just compensate the plaintiff for its damages, if any? Answer in dollars and cents, if any, or 'none'." Appellees urge that the requested issue is not substantially correct within the meaning of Rule 279, Texas Rules of Civil Procedure. That rule provides in substance that the failure to submit an issue shall not be reversible error unless the issue is tendered in substantially correct form by the party relying on such issue. It is stated in Call of Houston, Inc. v. Mulvey, Tex.Civ.App., 343 S.W.2d 522:

" * * * Such requirement does not mean that it must be absolutely correct,

nor does it mean that one that is merely sufficient to call the matter to the attention of the trial court will suffice, but rather it means one that in substance and in the main is correct and that is not affirmatively incorrect. Modica v. Howard, Tex.Civ.App.1942, 161 S.W.2d 1093".

Plaintiff having pleaded and offered evidence as to its loss or damage occasioned by the audit, and its necessity, it was entitled to an issue which included that element of its case. In its objections to the charge, plaintiff specifically pointed out this deficiency in the damage issue, and under the circumstances we are of the opinion that the issue requested met the requirements of the Rule as to being in substantially correct form. In the event the evidence is the same on another trial, it will be necessary to separately establish the amount of money taken by Edwin Schroeder if the plaintiff is to trace such stolen funds into property of the defendants.

■ We are also of the opinion that the court committed reversible error in disregarding the jury's answers to Special Issues Nos. 4, 5 and 6. By their answers to Questions Nos. 4, 5 and 6 the jury found that money stolen from El Paso Federal Savings & Loan went into the purchase of a home at 3309 Poquita Court and to the purchase of a Chevrolet station wagon and into the payment of premiums on insurance policies on the lives of Mr. and Mrs. Schroeder. On motion of the appellee-defendants, the court disregarded the jury's answers to these issues and, accordingly, its judgment did not provide the equitable lien sought by the plaintiff on the properties. To sustain the action of the trial court in disregarding the issues or granting a judgment non obstante veredicto, it must be determined that there was no evidence having probative force upon which the jury could have made the findings relied upon. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194. And upon appeal from a judgment non obstante veredicto, it is the duty of the appellate court to determine if there is evidence of probative force to support the jury's answers, and in so doing we must consider the evidence in the light most favorable to the appellant, disregarding conflicts in the evidence and indulging reasonable intendments deducible from evidence in favor of appellant and against judgment non obstante veredicto. Whaley v. Peat, Tex.Civ.App., 377 S.W.2d 855 (wr. ref. n. r. e.). The evidence was that Edwin Schroeder was in charge of the family checkbook; that he wrote all the checks and made all the payments of family debts and obligations from a checking account. In his testimony as to what he did with the stolen or embezzled funds, he testified that when his checking account needed money, he added to it. While he testified that he was unable to account for where the embezzled funds went, he stated that he "pooped off" much of it. The implication, if not the evidence, directly, is that some of it, at least, went into his checking account from which payments were made on the property in question. During the time of the defalcations, Edwin Schroeder had a salary of some $650 or $700 per month, and the embezzled funds, over that period of time, amounted to about $800 per month. The testimony reveals a considerable commingling of the funds; at least, in his testimony, Edwin Schroeder is unable to separate them or the uses made of them. No issues were requested by either party and none were submitted to the jury as to what amount of the stolen money went into the various items of property, and the parties have briefed the question extensively as to who had the burden of establishing what amount of embezzled funds went into the property. In this connection, appellant also assigns error in that the trial court put the burden of proof on it in Issues 4, 5 and 6. We overrule this contention and hold that Issues 4, 5 and 6, as submitted by the trial court, were correct in that they required the plaintiff to trace the embezzled funds into specific property. Meyers v. Baylor University in Waco, Tex.Civ.App., 6 S.W.2d 393 (err. ref.); and under au-

thority of the same case and that of Moseley v. Fikes, Tex.Civ.App., 126 S.W.2d 589 (aff'd 136 Tex. 386, 151 S.W.2d 202, Comm.App., Sec. A), we hold that because of the commingling of the embezzled funds with funds and property of the Schroeders, that all of such property became the subject of a constructive trust, and plaintiff having proved specific property of the defendants, the burden then shifted to the wrong-doer, Edwin Schroeder, to separate, if he could, and show that his money, and not the embezzled money, paid for the properties, in whole or in part. During the time of the defalcations, Edwin Schroeder and Barbara Schroeder were husband and wife, but the jury ·found that Barbara Schroeder did not know of Edwin's embezzling. Following this period of time and prior to the trial of this case, the parties were divorced, and the properties in question were, by agreement and under the divorce judgment, awarded to Barbara Schroeder. Barbara Schroeder earnestly contends that as to her, the burden is on the plaintiff to prove what amount, if any, of the funds went into this property. We do not see how Barbara Schroeder can own the property in question, clear of all claims of the plaintiff, until the burden cast on the wrong-doer has been met. Something of the same contention was made in First State Bank v. Zelesky, Tex.Civ.App., 262 S.W. 190 (n. w. h.). There, the wife was without knowledge of the husband's theft from his employer bank, and the trial court did not give the plaintiff full title to the property because the wife had a homestead interest in the property, and also an equitable claim for improvements on the property. In reversing and rendering the case, the court of appeals said: "We cannot agree with the trial court in either of these conclusions. A wife can never acquire homestead rights in property held in trust by her husband which defeat or impair the rights of the beneficiary of the trust. Shepherd v. White, 11 Tex. 346; Smith v. Green (Tex.Civ.App.) 243 S.W. 1006." The court went on say: "If Mrs. Zelesky,

without any knowledge of the fraud of her husband, had expended money belonging to her separate estate in improving the property, it may be that equity would protect her to the extent of giving her a second lien on the property for the money so expended; but under no principle of law or equity could she have thereby acquired any title to the property, or any homestead interest therein as against appellant." And as this court said, in Baucum v. Texam Oil Corporation, Tex.Civ.App., 423 S.W.2d 434 (n. r. e.) : "It has long been decided that homestead and exemption laws of this State were never intended to be, and cannot be, the haven of wrongfully obtained money or properties. As stated in the case of First State Bank v. Zelesky, Tex.Civ. App., 262 S.W. 190, the property wrongfully obtained never belonged to the individual anyway." Appellees say this case is controlled by Tarver v. Tarver, 394 S.W. 2d 780 (S.Ct.1965). The holding of the Supreme Court in that case was that the plaintiffs did not discharge their burden, in the first instance, of tracing the trust fund into specific property. In our case this was done by Issues 4, 5 and 6, above discussed. In fact, the opinion of·the court in that case states: " * * * petitioners call our attention to the general rule that a trustee who wrongfully commingles trust funds and assets with his private funds and assets has the burden of tracing his private funds and assets and of separating them from the commingled mass, and that if he is unable or fails to do so the entire mass will be regarded as trust property. See Eaton v. Husted, 141 Tex. 349, 172 S. W.2d 493 (1943) ; Andrews v. Brown, Tex. Com.App., 10 S.W.2d 707, 709 (1928) ; Howard v. Howard, Tex.Civ.App., 48 S.W. 2d 489 (1931), writ refused."

In view of the fact that this case is being remanded for another trial, we do not deem it necessary to write on the other assignments of error.

The judgment of the trial court is reversed and the cause remanded for trial.