# NO. 12-15-00033-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JERRY BYROM, DIMPLE BYROM, AND DOROTHY BERRY, APPELLANTS* | § | *APPEAL FROM THE 4TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JILL CAMPBELL PENN, AS COURT APPOINTED RECEIVER, APPELLEE* | § | *RUSK COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jerry Byrom, Dimple Byrom, and Dorothy Berry appeal from a trial court order in favor of Jill Campbell Penn, as receiver, in Penn's suit for partition. In two issues, Appellants assert the trial court's order and two related judgments from the Cherokee County Court are void. We affirm.

### BACKGROUND

In 2005, Jerry Byrom was appointed executor of his mother's estate by the Cherokee County Court. Byrom denied certain claims filed against the estate, eventually leading to a motion to remove Byrom as executor. On July 1, 2008, the county court removed Byrom as executor citing gross mismanagement, misappropriation of funds, and gross misconduct. In 2009, the county court determined that Byrom breached his fiduciary duty to the estate by using estate funds to build a house. The court imposed a constructive trust in the amount of $200,000.00 on Byrom's home. The court later ordered the home to be sold due to Byrom's failure to deposit the funds into the court's registry. In 2012, the court appointed Penn receiver and, due to joint ownership interests, ordered her to file a petition to partition the property. In 2013, she filed that petition in Rusk County, where the property is located. In 2014, the District

Court of Rusk County rendered an order authorizing Penn to sell the property, pay fees and expenses, deposit the balance of funds, not to exceed $200,000.00, into the registry of the Cherokee County court, and pay any remaining funds to Byrom and the other two co-owners, Dimple Byrom and Dorothy Berry.

**HOMESTEAD**

In their first issue, Appellants contend that the Rusk County order of sale, and the underlying Cherokee County orders impressing a constructive trust on their home and compelling the sale, are void as a matter of law. Citing the Texas Constitution, Appellants argue that, under the circumstances in this case, their homestead is protected from forced sale. In their second issue, Appellants assert that the orders to pay attorney's fees contained in the Rusk County district court order and the two Cherokee County orders are void as well.

**Applicable Law**

The homestead of a family or of a single adult person is exempt from forced sale for the payment of all debts except for those classes of indebtedness enumerated in Article 16, Section 50(a) of the Texas Constitution. TEX. CONST. art. XVI, § 50(a). However, the homestead and exemption laws of this state are not "the haven of wrongfully obtained money or properties." *Baucum v. Texam Oil Corp.*, 423 S.W.2d 434, 442 (Tex. Civ. App.—El Paso 1967, writ ref'd n.r.e.). "[T]he homestead protection afforded by the Texas Constitution was never intended to protect stolen funds." *Bransom v. Standard Hardware, Inc*., 874 S.W.2d 919, 928 (Tex. App.—Fort Worth 1994, writ denied).

Res judicata bars assertion of a claim in a later case when (1) there is a prior final determination on the merits in a court of competent jurisdiction, (2) the parties in the second action are the same or in privity with those in the first action, and (3) the second action is based on the same claims as were raised or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Res judicata precludes the relitigation of claims that were finally adjudicated "as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).

2

## Analysis

In making their argument, Appellants rely on the affidavits of Jerry Byrom and Dimple Byrom. These affidavits are attached as exhibits to Appellants' brief. Penn filed a motion to strike these affidavits. Documents attached to a brief as an exhibit or appendix, but not appearing in the record, cannot be considered by the appellate court for any purpose other than determining its own jurisdiction. *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (orig. proceeding) (per curiam); *Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex. App.—El Paso 2012, no pet.). Accordingly, we grant Penn's motion to strike, and we will not consider these two affidavits.

Appellants admit that the constitutionality of impressing a constructive trust on their property, the sale, and the attorney's fees has been raised in previous appeals. Byrom complained of the Cherokee County order imposing a constructive trust on Appellants' real property when he appealed the 2009 judgment. *See In re Estate of Byrom*, No. 12-09-00279-CV, 2011 WL 590588 (Tex. App.—Tyler February 16, 2011, pet. denied) (mem. op.). In that appeal, Byrom argued that the probate court exceeded its authority by ordering a constructive trust and sale because the property to be sold is his homestead, partially paid for by community property funds belonging to him and his wife. This court overruled the issue because Byrom failed to provide an adequate substantive analysis. *Id*. at *6.

Additionally, the issue was raised in Byrom's 2012 appeal of a September 4, 2012 Cherokee County court order to sell the property.[1] *See In re Estate of Byrom*, No. 12-12-00374-CV, 2013 WL 3967432 (Tex. App.—Tyler July 31, 2013, pet. denied) (mem. op.). In that appeal, we noted that Byrom had previously raised issues complaining that the trial court erred in imposing the constructive trust on property he claims as homestead and in ordering the sale of that property. Because we had previously ruled adversely to Byrom on these claims, we determined that the doctrine of res judicata bars the relitigation of the claims. *Id*. at *2.

Furthermore, in our 2013 opinion, we explained that the homestead law does not protect property or funds obtained with money misappropriated by a fiduciary. *Id.*; s*ee also Bransom*, 874 S.W.2d at 928; *Baucum*, 423 S.W.2d at 442. As executor, Byrom owed fiduciary duties to his mother's estate. *See Humane Soc'y of Austin & Travis Cty. v. Austin Nat'l Bank*, 531

---

[1] Byrom filed his appeal after the Cherokee County court's September 4, 2012 judgment. On May 13, 2013, while the appeal was pending, that court signed its First Amended Nunc Pro Tunc Order for Sale of Real Property and for Appointment of Receiver.

S.W.2d 574, 577 (Tex. 1975). Because the record indicated that Byrom had paid for the construction of the home with money he wrongfully obtained from his mother's estate, he was not entitled to use the homestead law to his advantage. *In re Estate of Byrom*, 2013 WL 3967432, at *2.

Here, the case reaches us via a suit for partition ordered by the same 2012 order we previously affirmed. Stolen funds used for the purchase of a homestead can never acquire homestead rights as they are held in trust for the rightful owner of the funds. *Bransom*, 874 S.W.2d at 928. Appellants' assertion that the Texas constitution bars the sale of the home again has no merit because Byrom paid to have the home built with money he wrongfully obtained from his mother's estate. *See id.*; *Baucum*, 423 S.W.2d at 442.

Appellants also assert that we should consider the question of Dimple's homestead rights, which were adjudicated for the first time in Rusk County. The Cherokee County case was the probate of Ruby Byrom's will. Dimple was not a party to that proceeding. Penn filed the petition for partition against all three co-owners of the property, as required by Rule 756 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 756. However, the fact that Dimple has not been found to have violated a fiduciary duty or wrongfully obtained funds used to purchase the home is irrelevant. A wife cannot acquire homestead rights in property held in trust by her husband that defeat or impair the rights of the beneficiary of the trust. *See First State Bank v. Zelesky*, 262 S.W. 190, 192 (Tex. Civ. App.−Galveston 1924, no writ). Accordingly, Dimple had no homestead rights in the property. *See Bransom*, 874 S.W.2d at 928.

Because the home was built with stolen funds, neither Byrom nor his wife acquired homestead rights in the property. It follows that the constitutional rights Appellants claim, those that protect homesteads from forced sale, are not available to them. The Rusk County district court decree ordering the partition and sale of the property is not void and Appellants have raised no grounds authorizing a collateral attack on the Cherokee County orders. We overrule Appellants' first and second issues.

### DISPOSITION

We *grant* Penn's motion to strike the affidavits of Jerry and Dimple Byrom and *affirm* the trial court's order.

4

**GREG NEELEY**
Justice

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2016**

**NO. 12-15-00033-CV**

**JERRY BYROM, DIMPLE BYROM,
AND DOROTHY BERRY,**
Appellants
V.
**JILL CAMPBELL PENN AS COURT APPOINTED RECEIVER,**
Appellee

Appeal from the 4th District Court
of Rusk County, Texas (Tr.Ct.No. 2013-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **JERRY BYROM, DIMPLE BYROM, and DOROTHY BERRY**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*