KAISER v. WAGGONER ET AL.

1. **Evidence:** RES ADJUDICATA. In an action to subject land to the satisfaction of a judgment, evidence as to matters which were adjudicated and concluded by the judgment is immaterial.

2. **Equity:** QUITCLAIM DEED: SUBJECTION OF LAND TO. JUDGMENT. Where P. conveyed to W. the land in controversy, in consideration of the agreement of W. to pay P. & C., and, on these facts, plaintiff one of the creditors of P. & C., obtained judgment against W. for the amount of P. & C's indebtedness to him, *held* that plaintiff had the right in equity to subject the land to the satisfaction of the judgment, and, for that purpose, to follow it into the hands of W's wife, who held it by quitclaim deed from W., she not appearing to have paid value for the land.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, JUNE 14.

ACTION IN EQUITY. Decree for plaintiff and defendants appeal.

*Charles A. Bishop,* for appellants.

*E. M. Sharon,* for appellee.

SEEVERS, CH. J.—In 1873 Jasper Parks transferred certain personal property and conveyed certain real estate to the defendant, Jacob Waggoner, and in consideration thereof the defendant agreed to pay the indebtedness of Parks & Cook. Based upon this agreement the plaintiff, claiming Parks & Cook were indebted to him, obtained a judgment against the said defendant.

A portion of the real estate so conveyed to the defendant he shortly after the rendition of said judgment conveyed to his wife Ann M. Waggoner. The consideration recited in the deed is one thousand dollars. The plaintiff claims said conveyance is fraudulent and void because made to hinder and delay creditors and especially the plaintiff. The object of this

action is to set aside the conveyance and subject the real estate to its payment.

I. The judgment is conclusive evidence that the defendant Jacob Waggoner, is indebted to the plaintiff and also that Parks & Cook were indebted to the latter. Therefore evidence tending to show Waggoner is not indebted to plaintiff, or that he had paid out on account of the indebtedness of Parks & Cook more money than he has or can realize from the property received by him from Parks, under the contract, is immaterial in this action.

II. As between plaintiff and Jacob Waggoner the former had the undoubted right in equity to subject the property in controversy to the payment of the indebtedness from Parks & Cook to him. He has that right now, unless Mrs. Waggoner is a bona fide purchaser for value without notice of such equity. There is no evidence excepting the recital in the deed tending to show that Mrs. Waggoner ever paid one cent for the property. By the quitclaim deed under which she holds she obtained the interest in, and right to, the land of her husband, and nothing more. She is not a bona fide purchaser and under the circumstances it was incumbent on her, in order to cut off the equity of the plaintiff, to establish she had paid value for the land without notice. *Watson v. Phelps*, 40 Iowa, 482; *Besore v. Dosh*, 43 Id., 211; *Springer v. Bartle*, 46 Id., 688.

It is not material therefore to inquire whether the conveyance to Mrs Waggoner was fraudulent or not, or whether Jacob Waggoner was insolvent or not, because the plaintiff had the right to subject this particular property as a primary fund to the payment of his debt.