Betty J. TABISH, William Oman, Eugene Tabish, and Norman J. Tabish, Plaintiffs and Appellants,

v.

Donald SMITH, Defendant and Respondent.

No. 15014.

Supreme Court of Utah.

Nov. 15, 1977.

---

Lorin R. Blauer, Bountiful, for plaintiffs and appellants.

Taylor D. Carr, Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

Before us on appeal is an order denying appellants' (hereafter Tabish) motion for an order, to set aside a declaration of a homestead filed by respondent (hereafter Smith). We reverse and remand. Costs to Tabish.

At a default hearing on November 5, 1973, Tabish was granted judgment against Smith. The judgment stated the court was "fully satisfied that defendant knowingly, with intent to defraud plaintiffs, gave plaintiffs warranty deeds to property in which he knew he had no title and thereby induced plaintiffs to pay him the sum of $3,000. . . ."

This judgment was never attacked, even though Tabish, in succeeding years, sought unsuccessfully to satisfy the judgment against Smith. Even when respondent received $3,000 in settlement of a suit he filed against First American Title Company, because of the judgment Tabish had against him, he refused to pay any of that money to Tabish.

Tabish executed on the judgment November 2, 1976. A sheriff's sale was scheduled for December 8, 1976. On December 7, 1976, Smith filed a declaration of homestead on the property which was scheduled for sale; and obtained, ex parte, an order on December 8, 1976, restraining Tabish from proceeding with the sale.

On December 14, 1976, Tabish filed an affidavit, motion and notice of hearing. The affidavit, signed by William Oman, Eugene Tabish, Norman J. Tabish, and Neldon Barker, contained a sworn statement that subsequent to the discovery they had been defrauded by Smith, and affiants met with Smith at the business office of Eugene Tabish and asked Smith for an accounting of the funds he had obtained from them. That Smith admitted to the affiants he had used such funds for living expenses, including bringing delinquent house payments current.

Tabish thereupon moved for an order setting aside the declaration of homestead. Tabish claimed Smith, because of his fraud, could acquire no rights paramount to those of Tabish.

At the hearing Tabish offered to prove the money Smith had fraudulently obtained had been used to retire delinquencies on the property upon which Smith then claimed a homestead.

The court refused to receive the evidence proffered by Tabish, and took the position the homestead exemption statute provided no exception, which could allow the court to grant Tabish's motion.

The operative statute, 28–1–1, contains only three exceptions to the homestead exemption from judgment lien and execution or forced sale. They are:

(1) taxes accruing and levied thereon; (2) judgments obtained on debts secured by lawful mortgage on the premises and debts created for the purchase price thereof; and (3) judgments obtained by an appropriate party on debts created by failure to provide support or maintenance for dependent children.

It is the contention of Smith the Tabish judgment does not fall into any of the three exceptions. Facially, this is true.

■ However, we hold it falls within a more encompassing exception, viz., that one may not use the statutes as a shield for fraud or theft.[1] The restraining order is vacated, and this matter is remanded for the purpose of taking evidence to determine if fruits of the fraud found their way into the property now sought to be protected, by the declaration of homestead. If it is determined they have, execution may proceed.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

1. Fraudulent use of another's money in purchase or improvement of homestead, 43 A.L.R. 1446, 47 A.L.R. 371, 48 A.L.R. 1269. *Webster*

*v. Rodrick,* 64 Wash.2d 814, 394 P.2d 689, (1964) and cases therein cited.