Melba Sue COX, Formerly Known As Melba Sue Harris; John Kuster; Linda Kuster; Robert Harris and Pearl Harris, Appellees,

v.

Clell M. WAUDBY and Helen B. Waudby, Appellants.

No. 87–1653.

Supreme Court of Iowa.

Dec. 21, 1988.

Gregory A. Hulse and Randy V. Hefner of Van Werden, Hulse & Hefner, Adel, for appellants.

Gordon K. Darling of Darling, Chickering & Darling, Winterset, Donald R. Clark, Creston, and James C. Steffes and Lennis J. Holm of Anderson, Werner & Holm, Creston, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, NEUMAN and ANDREASEN, JJ.

CARTER, Justice.

Defendants, Clell Waudby and Helen Waudby, appeal from a district court order establishing that their jointly owned homestead property is subject to levy and sale as a result of tracing proceeds of a fraudulent transaction carried out by defendant Clell Waudby. We affirm the judgment of the district court.

I. *Facts and Proceedings Below.*

On December 8, 1986, the trial court entered a final judgment and decree in favor of plaintiffs and against Clell Waudby in the underlying fraud action. Although defendant Helen Waudby was also a party to the action, there were no findings of fraud on her part and no relief was granted directly against her.

The judgment in the underlying fraud action was based on transactions occurring between 1970 and 1974 in which defendant Clell Waudby obtained title to 420 acres of land owned by plaintiffs through fraudulent representations. While title was held in their name, defendants granted the Federal Land Bank a mortgage against the land to secure a loan. The court determined that Helen Waudby was unaware of her husband's fraudulent activities in obtaining the farm from plaintiffs and was not liable for any of the damages suffered. The court found Clell Waudby personally liable for compensatory damages for fraudulent misrepresentation and a breach of

confidential relationship and also imposed punitive damages.

The court, in its judgment and decree, returned ownership of this land to the plaintiffs, subject, however, to the Federal Land Bank mortgage which defendants had placed on the farm. The compensatory damages granted the plaintiffs included the sum of $61,084.71, representing the proceeds from the Federal Land Bank mortgage distributed to the Waudbys for their personal use. The defendants did not appeal from the district court's 1986 judgment and decree.

The present appeal is brought by defendants from the district court's October 29, 1987, order overruling their motion to quash plaintiffs' attempt to execute a levy against their homestead property. In denying the motion to quash, the district court determined that the defendants had used $33,331.32 of the Federal Land Bank mortgage proceeds to retire a purchase money mortgage against the defendants' homestead property. The court held that the property was subject to execution and sale for the sum of $33,331.32 as a result of tracing proceeds of the fraudulent transaction. The defendants do not contest that proceeds from the Federal Land Bank mortgage were invested in their present homestead. In seeking to quash the levy, defendants rely on its homestead character and on the joint tenancy interest of Helen Waudby, an innocent party. Defendants assert that either or both of these circumstances preclude levy and sale of their homestead.

■ Defendants also urge on appeal that the procedure for levying on their homestead property was defective, because plaintiffs had taken no steps to obtain a lien on the property which might give rise to judicial sale. This argument is premised on plaintiffs' contention that, absent some court order relating to the specific property, no judgment lien attaches to the homestead. The record indicates that defendants failed to raise the latter contention in the district court. Their challenge to the levy in that court was based only on the joint tenancy and homestead characteristics

of the property. Consequently, we will not consider a ground not raised in the district court. *See, e.g., Elkader Prod. Credit Ass'n v. Eulberg*, 251 N.W.2d 234, 237 (Iowa 1977). We note, however, that in most jurisdictions a judgment creditor may acquire a lien merely by levying on the property, and the transferee may not restrain a sale of the property under execution if a party to a fraudulent scheme. *See* 37 Am.Jur.2d *Fraudulent Conveyances* § 161, at 830 (1968).

## II. Tracing Trust Proceeds into Homestead Property.

■ The first issue we address is whether the district court erred in holding that the homestead nature of the defendants' property does not prevent plaintiffs from tracing the proceeds of a constructive trust or equitable lien into the property. Defendants assert Iowa Code section 561.21 (1985) identifies the only exceptions to the homestead exemption and that principles of statutory interpretation require we find the express exceptions are exclusive.

■ It is true that homestead property is ordinarily immune from the attachment of nonpurchase money judgment liens. Iowa Code § 624.23(2). However, it is clear that plaintiffs' interest in the property is greater than that of an ordinary judgment lien. As a general proposition, a party in whose favor a constructive trust has been established may trace the property to where it is held and may reach whatever has been obtained through the use of it, including profits or income generated through its use. *Regal Ins. Co. v. Summit Guar. Corp.*, 324 N.W.2d 697, 705 (Iowa 1982). Where the trust funds have been invested in property, the beneficiary may have an equitable lien thereon established up to the amount of the trust funds invested. *Jones v. Nicholas*, 151 Iowa 362, 369, 130 N.W. 125, 128 (1911); *see Farnsworth v. Muscatine Produce & Pure Ice Co.*, 177 Iowa 21, 30, 158 N.W. 741, 745 (1916).

This court has already indicated that the homestead nature of property does not shield it from the right of a constructive trustee to trace proceeds of the trust prop-

erty. In *In re Munsell's Guardianship,* 239 Iowa 307, 31 N.W.2d 360 (1948), we held that, where funds from a ward's bank account were wrongfully used to make a mortgage payment on the guardian's home, a constructive trust would attach to the homestead for payment of the wrongfully diverted funds. 239 Iowa at 321, 31 N.W.2d at 367. In *McGaffee v. McGaffee,* 244 Iowa 879, 58 N.W.2d 357 (1953), we held that an equitable lien could be impressed against the defendants' homestead property to the extent that funds originating from a fraudulently acquired business were used to pay a mortgage and other charges against the homestead. 244 Iowa at 893, 58 N.W.2d at 360–61.

■ The listing of specific exceptions to the homestead exemption in the statute does not change the analysis. Although exemption statutes are to be liberally construed in favor of the debtor, our construction must not extend the debtor privileges not intended by the legislature. *Farmers' Elevator & Livestock Co. v. Satre,* 196 Iowa 1076, 1078, 195 N.W. 1011, 1012 (1923). We conclude the legislature never contemplated or intended that a homestead interest could be created or maintained with wrongfully appropriated property. *See Warsco v. Oshkosh Sav. & Trust Co.,* 190 Wis. 87, 93–94, 208 N.W. 886, 888 (1926), *cited with approval in Munsell,* 239 Iowa at 321, 31 N.W.2d at 367. Where wrongfully obtained funds are used to purchase property, the property does not belong to the purchasers, and therefore, to the extent of the illegal funds used, they never acquire a homestead interest. *E.g., Long v. Earle,* 277 Mich. 505, 520, 269 N.W. 577, 582 (1936); *Maryland Casualty Co. v. Schroeder,* 446 S.W.2d 117, 121 (Tex. Civ.App.1969); *Baucum v. Texam Oil Corp.,* 423 S.W.2d 434, 442 (Tex.Civ.App. 1968). The same principle applies where the funds are used to retire debt against the homestead. *E.g., Boroughs v. Whitley,* 363 P.2d 150, 152 (Okla.1961); *Tabish v. Smith,* 572 P.2d 378, 380 (Utah 1977).

### III. *Enforcement by Judicial Sale.*

■ Defendants also contend that, even if the court correctly held that the plain-tiffs can impose a constructive trust or equitable lien on the homestead property to the extent of traceable trust proceeds, it was error for the court to hold that the lien could be enforced by execution, levy, and judicial sale of the property. Iowa Code section 561.16 provides that homestead property is exempt from judicial sale, absent special declaration of statute to the contrary.

Having already concluded that the homestead nature of the property does not prevent the imposition of an equitable lien for traceable trust proceeds, it would be incongruous to leave the plaintiffs without a method to enforce that lien. A similar contention was addressed in *Bush v. Gaffney,* 84 S.W.2d 759 (Tex.Civ.App.1935). In that case the court upheld the imposition of an equitable lien against the defendants' homestead property which was acquired partly with funds they had fraudulently acquired from the plaintiff. The defendants argued that the property had been partly acquired with their own legitimate funds, and therefore, it was error for the lower court to order a sheriff's sale of the property rather than order a proportionate division of the property interests. The court rejected that contention, stating that the defendants' proposition would have resulted in forcing the plaintiff to purchase the defendants' interest in the property to get relief. The court concluded that the only practical method of making the plaintiff whole was to enforce the lien against the property. 84 S.W.2d at 763. Other courts, while not addressing the propriety of sale versus other methods of enforcement, have affirmed orders directing execution and sale of homestead property in these circumstances. *E.g., Tabish v. Smith,* 572 P.2d at 380; *Mack v. Marvin,* 211 Ark. 715, 725, 202 S.W.2d 590, 596 (1947); *Duhart v. O'Rourke,* 99 Cal.App.2d 277, 280, 221 P.2d 767, 769 (1950).

### IV. *Tracing Trust Proceeds into Joint Tenancy Property.*

■ Defendants contend that Helen Waudby's joint tenancy interest in the

property prevents judicial sale of the premises, referring to the general rule that property held in joint tenancy is not subject to execution and sale for the debt of one joint owner.

 The ability of beneficiaries to trace the proceeds of trust property may be cut off by the superior rights of innocent third parties. *State v. Hawkeye Oil Co.*, 253 Iowa 148, 158, 110 N.W.2d 641, 647 (1961); *Bogle v. Goldsworthy*, 202 Iowa 764, 771, 211 N.W. 257, 260 (1926). Equity will not impress a constructive trust upon property that has passed into the hands of a good faith purchaser for value who takes the property without notice of the trust. *Harris v. Warner*, 199 Iowa 1000, 1003–04, 203 N.W. 279, 281 (1925); Restatement of Restitution § 172 (1937). However,

> [w]here property is held by one person upon a constructive trust for another, and the former transfers the property to a third person who is not a bona fide purchaser, the interest of the beneficiary is not cut off, and the defrauded person can maintain a suit in equity for specific restitution against the third person.

Restatement of Restitution § 168.

The spouse of a person who acquires property with stolen or misappropriated funds does not occupy the position of a bona fide purchaser, and the spouse's interest cannot cut off the interests of beneficiaries unless he or she gives consideration for his or her acquisition of title to the property. *E.g., Bellinger v. Collins*, 117 Iowa 173, 176, 90 N.W. 609, 610 (1902); *Kaiser v. Waggoner*, 59 Iowa 40, 41, 12 N.W. 754, 754 (1882). A constructive trust is imposed not because of the intention of the parties but because the person holding title to the property would profit by a wrong *or* would be unjustly enriched if he or she were permitted to keep the property. Restatement of Restitution § 160 comment *b* (1936). As a person who acquired title to the property without paying value, Helen Waudby is not a bona fide purchaser but a gratuitous transferee. A constructive trust or equitable lien can be imposed on the product of wrongfully obtained property in the hands of a gratuitous transferee.

Restatement of Restitution § 161 comment *d*, § 168 (1937).

We find the district court correctly determined that plaintiffs are entitled to a constructive trust and an equitable lien on defendants' homestead property to the extent of the $33,331.32 invested in that property which was obtained by borrowing against the plaintiffs' farm. The district court was also correct in authorizing levy and sale of the property to enforce that obligation. We affirm the order of the district court.

AFFIRMED.