JOANOS, Judge.
In this appeal from a final order of civil forfeiture, appellants contend that the forfeiture violates the constitutional protection of their homestead as interpreted in Butterworth v. Caggiano, 605 So.2d 56 (Fla.1992).
In Caggiano, the supreme court held that “article X, section 4 of the Florida Constitution prohibits civil or criminal forfeiture of homestead property.” Id. at 61. Appellee points out that Caggiano involved the use of a homestead for criminal activity, whereas the present case involves the alleged investment in or purchase of the homestead with the proceeds of illegal activity, and contends that in footnote five of Caggiano, the supreme court left open the possibility that forfeiture in a proceeds case would not violate the constitutional protection of homestead. In light of the reasoning set forth in the Caggiano opinion, we cannot agree.
The supreme court gave several reasons for its conclusion that forfeiture of homestead property is not permitted under article X, section 4. The court considered the tradition of liberal construction of the homestead exemption, finding it “particularly appropriate in the context of forfeiture,” since “[f]or-feitures are considered harsh penalties that are historically disfavored in law and equity, and courts have long followed a policy of strictly construing such statutes.” Id. at 58. Viewing the language of the homestead exemption as “broad, nonlegal terminology,” id. at 59, the court concluded that forced sales under the homestead exemption include forfeitures. The court determined it was most significant that there were only three exceptions to the homestead exemption, and forfeiture was not among them, and “Florida law ... prohibits the implication of exceptions or limitations to article X, section 4.” Id. at 60. Finally, the court concluded that “[t]he Florida homestead provision clearly contains no exception for criminal activity. Neither the legislature nor this Court has the power to create one.” Id. The supreme court summarized its decision:
[I]n light of the historical prejudice against forfeiture, the constitutional sanctity of the home, and the rules of construction requiring a liberal, nontechnical interpretation of the homestead exemption and a strict construction of the exceptions to that exemption, we hold that article X, section 4 of the Florida Constitution prohibits civil or criminal forfeiture of homestead property.
Id. at 61.
Appellee has agreed for purposes of this appeal that the property involved in the present case is homestead property. As such, in light of the supreme court’s unqualified holding that civil forfeiture of homestead property is prohibited by article X, section 4, we can only conclude that forfeiture is not permitted here.
Appellee urges that there can be forfeiture of homestead property in a proceeds ease because in footnote five of Caggiano, the court noted several cases in which “Florida courts have refused to allow the homestead exemption to shield property where there is fraud or other ‘reprehensible conduct.’ ” The court also noted that “[vjirtually all of the relevant cases involve situations that fell within one of the three stated exceptions to the homestead provision. Most of those cases involve equitable liens that were imposed where proceeds from fraud or reprehensible conduct were used to invest in, purchase, or improve the homestead,” and “[i]t is undisputed that no illicit proceeds were used to purchase, acquire, or improve Caggiano’s property.” 605 So.2d at 60. The court apparently referred to one of the exceptions to the homestead exemption involving “obligations contracted for the purchase, improvement or repair” of the homestead. The present case does not fall within that or any other exception. In addition, we perceive a distinction between the cases cited in footnote five of Caggiano, in which funds were acquired fraudulently and an equitable lien was imposed on the property on behalf of the person or entity against whom the fraud was perpetrated, and the present situation.
Appellee also argues that as a matter of policy, when proceeds of illegal activity are used to acquire homestead property, civil *731 forfeiture should be permitted. However, we see no significant distinction, in terms of public policy, between “use” and “proceeds” cases.[1]
Since this court does not have authority to create a new exception to the homestead exemption for criminal activity and this case does not fall within any of the three existing exceptions, and in light of the supreme court’s unqualified holding in Caggiano, we reverse the trial court’s ruling on the homestead forfeiture issue. Because of our resolution of this issue, we do not reach the other issues raised on appeal. We certify the following as a question of great public importance:
WHETHER ARTICLE X, SECTION 4, FLA. CONST., PROHIBITS CIVIL FORFEITURE OF HOMESTEAD PROPERTY PURSUANT TO SECTIONS 932.701-.702, FLA.STAT., WHEN THE PROCEEDS OF ILLEGAL ACTIVITY ARE INVESTED IN OR USED TO PURCHASE THE PROPERTY?
REVERSED.
WOLF and VAN NORTWICK, JJ., concur.

. Appellee did not proceed under a theory that no homestead interest arose due to the purchase with allegedly illegal funds, but stated specifically in its brief that for purposes of this appeal, it considered the property in dispute to be homestead. See, e.g., In the Matter of Property Seized from Bly, 456 N.W.2d 195 (Iowa 1990) (in holding that legitimately acquired homestead could not be forfeited under Iowa statutes, court expressed no opinion on whether homestead may be forfeited if illegally possessed or acquired through proscribed means) citing Cox v. Waudby, 433 N.W.2d 716 (Iowa 1988) (no homestead interest arises when purchased with wrongfully or illegally appropriated funds).